In the Matter of the Estate of FRANK O. BURRIDGE, Deceased.*

Surrogate's Court, New York County, April 10, 1933.

* See, also, 140 Misc. 574; 144 id. 583; 146 id. 527; 234 App. Div. 457.

*Herbert C. Smyth, Jr.*, for the proponent.

*Albert Mintzer* [*Isidor Lazarus* of counsel], for the contestant.

*William M. Butler*, for Helen Gilmore, legatee.

*Fraser, Speir & Meyer*, for Woodlawn Cemetery.

DELEHANTY, S. The contest of the will of the above-named deceased occupied some five days of actual trial. The will was drawn by an experienced lawyer and witnessed by him and by his secretary. The circumstances attending its preparation and execution establish satisfactorily the performance by the testator of all the acts necessary to the execution and publication of a valid will. The objections designed to search the formalities of execution were withdrawn upon the trial.

There remained for consideration questions whether the will was the free and voluntary act of the deceased, or whether it was procured by undue influence amounting to a legal fraud. The burden of establishing such influence was upon contestant. In the effort to sustain that burden, contestant presented a history of the relations between deceased and his wife (who is now dead and whose administrator is making the contest) and between deceased and certain of the legatees under the will. Proof was presented also of certain acts of deceased which the lay witnesses called by contestant characterized as irrational. Contestant argues also from the oral testimony and from the tenor of letters written by the deceased to his wife that a mental breakdown of the deceased had been established which rendered him susceptible to undue influence. He asserts, too, that since the chief beneficiary of the estate was acting as attorney for deceased particularly in connection with deceased's relations with his wife, there arises a presumption of undue influence. The will was drawn not by the lawyer-beneficiary but by a lawyer of standing having an independent office and instructed in relation to the will by the deceased himself wholly independently of the lawyer-beneficiary. In these circumstances, no presumption whatever can be indulged in against the will. The proof by contestant presented a picture of deceased's relations to the chief beneficiary under his will sufficient to warrant a finding that the will is wholly consistent with what would be expected in the circumstances. The proof shows in respect of the chief beneficiary that he was the cousin of deceased and the person most intimate with him. The contestant asserts in substance that if deceased had not been unduly influenced by his cousin and

lawyer, the wife of deceased would have been substantially recognized in his will. The proof satisfies the court to the contrary. There is a volume of correspondence from which the most reasonable inference is that the wife of deceased was a burden and an annoyance to him and that a recognition of her in his will was never within his contemplation. He had already provided for her by a separation agreement the terms of which continued for her life the payments to her, notwithstanding his earlier death. The testimony of the former employees and household servants of deceased is utterly trivial. Against it there is the fact that this deceased managed for years a large fortune and a large business. Undoubtedly his relations with women were not exemplary but his correspondence and the testimony respecting the drafting and execution of the will, plus his business history as disclosed in the record, suffice to make the testimony of these former employees negligible. The contestant has wholly failed to sustain the burden of establishing the objections not withdrawn on the trial. The objections have been dismissed and the jury have answered the framed questions in conformity with the court's instructions. The court is satisfied that all the requirements of section 144 of the Surrogate's Court Act have been met and the will is ordered admitted to probate.

Tax costs and submit decree on notice admitting the will to probate in accordance with the verdict of the jury as directed at the trial.